Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 284 | **DATE** | 7/17/2001 |
| **CASE TITLE** | Brown vs. Battles | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Brown's habeas corpus petition was filed outside the period of limitations set forth in 28 U.S.C. §2244(d)(1), and there is no basis to toll that period either under §2244(d)(2) or the doctrine of equitable tolling. Brown's petition is therefore denied. Judgment is entered in favor of respondent. The Court declines to issue a certificate of appealability, as we can find nothing to suggest that the merits of the claims that were rejected are debatable, capable or different resolution, or deserving of further consideration.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 1 8 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUL 17 AM 10: 13 | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| United States of America ex rel. GARY BROWN, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Case No. 01 C 284 |
| JOHN BATTLES, | ) |
| Respondent. | ) |

**DOCKETED**
JUL 1 8 2001

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Gary Brown, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 attacking his 1994 convictions for murder, attempted murder, and aggravated battery with a firearm. He contends that he did not knowingly and voluntarily waive his *Miranda* rights before making a confession, that the criminal proceedings somehow deprived him of equal protection of the law, that prejudicial gang evidence and improper witness identification evidence was erroneously admitted, that the evidence did not establish his guilt (more specifically, his criminal intent), and that he was wrongfully convicted of separate crimes that should have been merged.

In September 1996, Brown's conviction was affirmed by the Illinois Appellate Court. On October 3, 1996, his petition for leave to appeal to the Illinois Supreme Court was denied. Brown alleges that he filed a post-conviction petition on December 17, 1996. He claims that the Illinois state courts failed to address this post-conviction petition and that he is therefore excused from the requirement that he exhaust the remedies available in Illinois state courts. 28 U.S.C.

§2254(b). Brown filed his petition for a writ of habeas corpus on January 12, 2001.

The records of the Circuit Court of Cook County reflect that no post-conviction petition was ever filed on Brown's behalf. Respondent argues that Brown has not exhausted his state court remedies and is not excused from doing so, and that his habeas corpus petition is time-barred.

## Discussion

An inmate who seeks to challenge a state conviction under 28 U.S.C. §2254 must first exhaust his state court remedies as to all his claims. *See* 28 U.S.C. §2254(b)(1)(A). However, a failure to exhaust may be excused if the available state corrective process is ineffective, for example, if there exists an inordinate and unjustified delay in the state court proceedings. *Id.* §2254(b)(1)(B); *see Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1978).

Even if Brown could establish a basis under §2254(b)(1)(B) excusing him from exhausting state remedies, his petition for habeas corpus would still have to comply with the one year period of limitation imposed by 28 U.S.C. §2244(d)(1). On the face of things, Brown's habeas petition is untimely: it was filed more than four years after his direct appeal in the state court was concluded. *See id.* §2244(d)(1)(A). Under the statute, however, the clock stops for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...." *Id.* §2244(d)(2). This provision is conditioned upon the "proper filing" of a post-conviction petition. An application is considered "filed" when "it is delivered to and accepted by the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 121 S.Ct. 361, 363 (2000). An application is considered "properly" filed when its

2

delivery and acceptance conform with the applicable laws and rules regarding filings. *Id.* at 364. In Brown's case, the evidence shows that his post-conviction petition was never filed at all.

Brown argues that because he tried to file a post-conviction petition, all of the time from the date on which he did so through the date he filed his habeas corpus petition should be excluded from the calculation. The Court disagrees. Assuming for purposes of discussion that §2244(d)(1) is subject to equitable tolling (in other words, common-law equitable tolling beyond the specific tolling provisions set forth in the statute), that doctrine require "the exercise of reasonable diligence" on the part of the petitioner, *see Taliani v. Chrans*, 189 F.3d 597, 597 (7th Cir. 1999), and a showing that "[e]xtraordinary circumstances far beyond the litigant's control" prevented timely filing. *Montenegro v. U.S.*, 248 F.3d 585, 594 (7th Cir. 2001). In that case, Montenegro's motion under 28 U.S.C. §2255 claimed ineffective assistance of trial counsel but was filed outside the one-year limitations period found in that statute, which generally tracks §2244(d)(1). Montenegro claimed that he had told his lawyer to appeal and that accordingly the statute should be deemed tolled even though no appeal was filed. Though Montenegro spoke little English and had apparently received no response from a letter to his lawyer requesting transcripts from the trial court proceedings, the court declined to toll the statute. Among other things, it determined that Montenegro had not exercised reasonable diligence, because he had never called or written either the court or his attorney to ask about the status of his appeal. *Id.* at 589.

The same is true here. Brown did not exercise reasonable diligence, after supposedly mailing his post-conviction petition to the Circuit Court, to make sure it had been received. The only contact Brown says he made with the Circuit Court was a "freedom of information" request filed in January 1997. But even though this request was never answered, Brown did nothing more to follow up.

3

Indeed, he took no further action for nearly four years, when he filed his habeas corpus petition in this Court. Though the Court recognizes that Brown is not an expert in legal proceedings and is, because he is incarcerated, operating at a disadvantage, that does not excuse him from exercising reasonable diligence. He did not do so. If Brown had continued to follow up and still had received no response from the Circuit Court, he could have filed his habeas corpus petition in this Court, and so long as he had done so within a year after his direct appeal had concluded, it would have been timely.

## Conclusion

In sum, Brown's habeas corpus petition was filed outside the period of limitations set forth in 28 U.S.C. §2244(d)(1), and there is no basis to toll that period either under §2244(d)(2) or the doctrine of equitable tolling. Brown's petition is therefore denied. The Clerk is directed to enter judgment in favor of respondent. The Court declines to issue a certificate of appealability, as we can find nothing to suggest that the merits of the claims that were rejected are debatable, capable of different resolution, or deserving of further consideration. *See* 28 U.S.C. §2253(c)(2).

Date: July 16, 2001

MATTHEW F. KENNELLY
United States District Judge

4